FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 14, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES BURNELL, an individual, | |
|     Plaintiff, | No. 2:20-CV-00271-SAB |
|     v. | |
| MICHAEL KUJALA and JANE DOE KUJALA, individually and the marital community comprised thereof, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION** |
|     Defendants. | |

Before the Court is Defendants' Motion & Memorandum to Dismiss for Lack of Jurisdiction, ECF No. 5. The motion was considered without oral argument. Plaintiff is represented by Doug Weinmaster, and Defendants are represented by Derek Taylor and Timothy Durkin. Defendants argue that this case should be dismissed without prejudice because the Court lacks subject-matter jurisdiction over Plaintiff's claims. Plaintiff opposes the motion and insists that the Court does have jurisdiction over this case. He also asks that, if the Court does grant the motion, the Court also equitably toll the statute of limitations on his claims so that he may refile them in the proper court. Having reviewed the briefing and the relevant caselaw, the Court grants Defendants' motion and dismisses this case for lack of subject-matter jurisdiction.

//

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION \* 1**

## Facts and Procedural History

The following facts are pulled from Plaintiff's Complaint, ECF No. 1-2, and Defendants' Statement of Jurisdictional Facts in Support of Rule 12(b)(1) and (h)(3) Motion to Dismiss, ECF No. 6.

On August 24, 2018, Plaintiff and Defendant Michael Kujala were involved in a car accident on Highway 2 in Leavenworth, Washington. Michael Kujala is a law enforcement officer with the United States Forest Service ("USFS") and was on duty at the time of the accident. When the collision occurred, Officer Kujala was responding to a local law enforcement request for assistance and was driving a marked USFS vehicle. Officer Kujala pulled out of the Leavenworth Forest Service ranger station with his emergency lights activated, crossed the westbound lane and the shared turn lane, and collided with the driver's side of Plaintiff's vehicle in the eastbound lane. Drivers in the westbound lane stopped to let Officer Kujala cross, and Officer Kujala alleges he did not see Plaintiff's car before beginning his turn. Plaintiff alleges he did not see the emergency lights on Officer Kujala's vehicle and thought the vehicle was going to merge into the shared turn lane. Plaintiff alleges that Officer Kujala was negligent in causing the accident and Plaintiff's personal injuries.

In September and October 2018, Plaintiff submitted two separate SF-95 forms to the U.S. Department of Agriculture Forest Service claims center in Albuquerque, New Mexico. On September 20, 2018, Plaintiff himself submitted a form for approximately $4,100 in body repair costs to his 2011 Volkswagen Jetta. A second form was submitted by the Phillips Law Firm on Plaintiff's behalf on October 23, 2018. The second form sought personal injury damages arising out of the August 2018 car accident. The parties attempted to resolve these claims, and the USFS was under the impression that the claims were settled. But on June 26, 2020, Plaintiff filed a personal injury lawsuit against Officer Kujala and his wife in Chelan County Superior Court.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION \* 2**

Defense counsel contacted Plaintiff's counsel in early July 2020 to try and resolve Plaintiff's claim and address what Defendants saw as jurisdictional issues with the state court action. Plaintiff's counsel did not respond. Defendants then removed the case to federal court on August 4, 2020, pursuant to 28 U.S.C. § 1442.

**Legal Standard**

1. Rule 12(b)(1) Standard

Defendants' motion arises under Rule 12(b)(1) and (h)(3). Federal courts assume subject-matter jurisdiction is lacking unless and until the party asserting jurisdiction demonstrates otherwise. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 376 (1994). Courts have an ongoing duty to examine the existence of jurisdiction in their cases, and challenges to subject-matter jurisdiction may be raised at any time in the proceedings. *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). Subject-matter jurisdiction can neither be waived nor consented to by the parties. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982). Where subject-matter jurisdiction is found to be lacking, the claim or lawsuit must be dismissed at the first instance. *See* Fed. R. Civ. P. 12(h)(3).

There are two types of Rule 12(b)(1) attacks: a facial attack and a factual attack. A facial attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In contrast, a factual attack contests the truth of the plaintiff's factual allegations by introducing evidence outside the pleadings. *Safe Air for Everyone*, 373 F.3d at 1039. The plaintiff must support her jurisdictional allegations with competent proof under the same evidentiary standard that governs in the summary judgment context. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Thus, the plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction. *Id.* (citing *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012)). Unless the jurisdictional issue is so intertwined with the

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION \* 3**

substantive issues that resolution of jurisdiction goes to the merits of an action, the court may resolve factual disputes itself. *Leite*, 749 F.3d at 1121-22 (citing *Safe Air for Everyone*, 373 F.3d at 1039-40); *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009).

2. <u>The Federal Tort Claims Act and Derivative Jurisdiction</u>

In the context of suits against the United States or its employees acting in their official capacities, the plaintiff must establish both subject-matter jurisdiction and personal jurisdiction. 28 U.S.C. § 1346(b). The United States is immune from suit for damages except for where Congress has specifically waived its immunity. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). The Federal Tort Claims Act contains a limited waiver of sovereign immunity. 28 U.S.C. § 1346(b). It also provides federal district courts with exclusive subject-matter jurisdiction over civil actions against the United States for money damages for personal or property damage caused by the negligent or wrongful act or omission of any federal employee while she is acting within the scope of her office or employment if a private person would be liable to the plaintiff under the laws of the place where the challenged conduct occurred. 28 U.S.C. § 1346(b).

By its text, the FTCA does not include a waiver of sovereign immunity for suits brought in state courts. *Id.*; *see also Rodriguez v. United States*, 788 Fed. Appx. 535, 536 (9th Cir. 2019) (citing *Cox v. U.S. Dep't of Agric.*, 800 F.3d 1031, 1031 (9th Cir. 2015) (*per curiam*)). The derivative jurisdiction doctrine provides that, if a state court lacks jurisdiction over a case, a federal court does not acquire jurisdiction upon removal. *Minnesota v. United States*, 305 U.S. 382, 389 (1939). Although Congress abolished the doctrine with respect to the general removal statute, the Ninth Circuit recently reaffirmed that the doctrine still applies to federal officer removal. *Cox*, 800 F.3d at 1032 (citing *In re Elko Cty. Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997)). Thus, if the state court from which a case was removed lacked jurisdiction over a case, the federal court must dismiss the case.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION \* 4**

# Discussion

According to Defendants' Statement of Jurisdictional Facts, Defendants are mounting a factual attack on Plaintiff's case. *See* ECF No. 6 at ¶ B. Thus, no presumptive truthfulness attaches to Plaintiff's allegations, and the existence of disputed material facts does not preclude the Court from evaluating the merits of Plaintiff's jurisdictional claims. In his response, Plaintiff introduces no evidence in support of his claims that subject-matter jurisdiction existed at the Chelan County Superior Court. In contrast, Defendants have produced evidence indicating that jurisdiction is lacking because Officer Kujala was acting in his official capacity at the time of the accident and was sued in a court that lacked jurisdiction to hear claims against him. Accordingly, and for the reasons discussed below, Defendants' motion is granted.

First, Plaintiff argues that the motion should be denied because Officer Kujala was not acting in his official capacity at the time of the accident because he was turning out of a "private" driveway he uses for "personal" use. *See* ECF No. 11 at 2. However, Plaintiff introduces no evidence beyond these conclusory allegations to counter Defendants' evidence that Officer Kujala was (1) in his fully marked USFS law enforcement vehicle, (2) was pulling out of the Ranger Station's driveway at the time of the accident, and (3) was responding to an emergency call for assistance from local law enforcement. *See* ECF No. 7-1 at 9. Indeed, Plaintiff's prior certified statements contradict his version of events and support Defendants'. *See* ECF No. 6-1 at 3. Conclusory allegations of this nature are insufficient to meet Plaintiff's burden to survive the motion to dismiss. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (noting that the non-moving party on a factual motion to dismiss must furnish affidavits or other evidence to establish subject-matter jurisdiction).

Second, Plaintiff argues that this case should not be dismissed under the derivative jurisdiction doctrine because the state court did, in fact, have

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION \* 5**

jurisdiction. With all due respect, Plaintiff is incorrect. As discussed above, the language of the FTCA specifically grants federal district courts exclusive jurisdiction to hear cases under the Act. 28 U.S.C. § 1346(b)(1); *see also Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992). The Chelan County Superior Court where this case originated lacked subject-matter jurisdiction over these claims, and this Court cannot acquire jurisdiction over the claims now after removal. *See Merkulov v. U.S. Park Police*, 75 F. Supp. 3d 126, 129 (D.D.C. 2014) (finding that the district court lacked jurisdiction over driver's claim against U.S. Park Service Police upon removal and dismissing case). Because derivative jurisdiction was preserved for cases removed under 28 U.S.C. § 1442(a)(1) and because the state court lacked jurisdiction to hear cases under the FTCA, the case is dismissed.

      Finally, Plaintiff argues that, if this case is dismissed, the Court should preemptively toll the statute of limitations on his claims. However, the Court has no power to toll the statute of limitations in case where it has no jurisdiction to act at all. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Thus, Plaintiff's request for equitable tolling is denied.

      Even if the Court did have authority to toll the statute of limitations on Plaintiff's claims, he has not fulfilled the grounds for such relief. Equitable tolling is generally not available as a form of relief. *See Quick Korner Market v. U.S. Dep't of Agric.*, 180 F. Supp. 3d 683, 692 (S.D. Cal. 2016). A litigant is entitled to equitable tolling only if they can show (1) that they have been pursuing their rights diligently and (2) that some extraordinary circumstances stood in their way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). To count as "extraordinary," the circumstances that caused a litigant's delay in timely filing must have been out of their control; a party's own misunderstanding of law or a tactical litigation mistake is not sufficient. *Harris v. Carter*, 515 F.3d 1051, 1055

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION \* 6**

(9th Cir. 2008); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (noting that ordinary neglect is not grounds for equitable tolling). Plaintiff cannot establish either requirement for tolling. Plaintiff's counsel mistakenly filed his complaint in the wrong court and was mistaken in believing that Officer Kujala was not covered by the FTCA. Plaintiff's counsel also made the tactical decision to rebuff the Government's attempts to resolve the claims here or get the case filed in the correct court. Plaintiff is therefore not entitled to equitable tolling.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion & Memorandum to Dismiss for Lack of Jurisdiction, ECF No. 5, is **GRANTED**.

2. This matter is **DISMISSED without prejudice** and without any tolling of the statute of limitations.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and **CLOSE** the file.

**DATED** this 14th day of December 2020.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION** \* 7